**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 17-20668

JAMES BELLMORE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant James Bellmore pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and fentanyl. (ECF No. 169, PageID.399.) On May 7, 2019, the court sentenced him to seventy-four months imprisonment. (ECF No. 314, PageID.1567.)

Defendant has filed a "Motion for Compassionate Release." (ECF No. 366.) He argues the health risk presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Terre Haute justifies a reduction in sentence to time served. The government filed a response. (ECF No. 371.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

Case 2:17-cr-20668-RHC-DRG   ECF No. 375, PageID.3476   Filed 11/10/20   Page 2 of 7

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, 458 F. Supp. 3d 838, 845 (M.D. Tenn. 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

2

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *see also United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020).

Defendant claims he has high blood pressure (hypertension), Wolff-Parkinson-White syndrome ("WPW"), a growth in his throat, and hepatitis C. (ECF No. 366, PageID.3060.) His medical records confirm he has hypertension and hepatitis C and that he receives treatment for both. (ECF No. 371-3, PageID.3123, 3099, 3108.) The growth on his larynx is benign and actively monitored. (*Id.*, PageID.3123, 3099, 3111.) Medical records from 2019 mention WPW, which can cause irregular heart rhythms, but no treatment has been needed or requested. *See Wolff-Parkinson-White (WPW) Syndrome*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/wolff-parkinson-white-syndrome/symptoms-causes/syc-20354626 (last visited Oct. 30, 2020). (ECF No. 371-4, PageID.3214.)

Before the court may consider a motion for compassionate release, Defendant must exhaust administrative remedies. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), an inmate may seek compassionate release himself only if he submits a request for compassionate release to his warden and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to

bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

Defendant presents no evidence that he exhausted administrative remedies before filing his motion. The government informs the court that the BOP "has not received any reduction in sentence request from [Defendant]." (ECF No. 371, PageID.3081.) Without any indication that Defendant has complied with § 3582(c)(1)(A), denial due to lack of exhaustion is warranted.

Nonetheless, the court will address the merits of Defendant's request, and finds that he does not qualify for compassionate release. Defendant does not fall within the "Medical Condition of the Defendant" category in § 1B1.13 of the Sentencing Guidelines. He is not currently "suffering from a terminal illness." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(i). Nor is he "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care . . . and from which he . . . is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). There is no indication that Defendant's condition is deteriorating or that he is in a critical state and unable to provide self-care. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii).

Defendant's circumstances are also not "extraordinary and compelling." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in this district has described the requirements of "extraordinary" in the context of

4

compassionate release "as beyond what is usual, customary, regular, or common," and a "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.).

Defendant is fifty-three years old. His essential hypertension is common and treatable. Hypertension affects "[n]early half of adults in the United States . . . or 45%." *Facts About Hypertension*, Centers for Disease Control and Prevention, https://www.cdc.gov/bloodpressure/facts.htm (last visited Oct. 30, 2020). With proper monitoring, the condition can be successfully treated and controlled. *See High Blood Pressure (Hypertension)*, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment/drc-20373417 (last visited Oct. 30, 2020) ("Changing your lifestyle can go a long way toward controlling high blood pressure."); *Prevent and Manage High Blood Pressure*, Centers for Disease Control and Prevention, https://www.cdc.gov/bloodpressure/prevent_manage.htm (last visited Oct. 30, 2020) ("Whatever your age, you can take steps each day to keep your blood pressure in a healthy range."). Defendant's hepatitis C receives regular treatment and the benign growth in his neck is actively monitored. (ECF No. 371-3, PageID.3099-3101, 3111, 3113.) WPW appears to have little to no impact on his current life and health. For many, the condition "doesn't cause serious problems." Mayo Clinic, *supra*; *Wolff-Parkinson-White Syndrome*, Cedars Sinai, https://www.cedars-sinai.org/health-library/diseases-and-conditions/w/wolff-parkinson-white-syndrome.html (last visited Oct. 30, 2020) ("WPW usually is not a major problem for most people. You can manage or

correct the condition with treatment."). As it stands, Defendant's medical conditions are not grave, exceptional, or extreme. 18 U.S.C. § 3582(c)(1)(A).

The outbreak of COVID-19 does not alter this analysis. Defendant is incarcerated at FCI Terre Haute. Over the course of the last eight months, 130 inmates have contracted COVID-19. However, there are now only eleven active cases. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 30, 2020). The prison houses 1,093 inmates. *FCI Terre Haute*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/tha/ (last visited Oct. 30, 2020).

The BOP has taken countermeasures to mitigate the spread of COVID-19. For instance, all newly arriving inmates are tested and placed in quarantine. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Oct. 30, 2020). Prisoners cannot leave quarantine until they test negative. *Id.* Symptomatic inmates are isolated, tested, and treated. *Id.*; Federal Bureau of Prisons, U.S. Department of Justice, *Correcting Myths and Misinformation About BOP and COVID-19* (2020).

While in prison, Defendant receives monitoring and treatment. (*E.g.*, ECF No. 371-3, PageID.3099-3101, 3111, 3113.) The court has few assurances as to Defendant's access to quality healthcare if released. COVID-19 will remain a risk, and potentially a substantial one depending on his chosen behaviors. *See How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited Oct. 30, 2020) (detailing actions recommended to mitigate the risk of contracting

COVID-19). This is significant given Defendant's history of rule-breaking and high-risk activities. He has five felony convictions and has repeatedly violated probation. (ECF No. 371, PageID.3089.) While in free society, he had a serious drug abuse problem. (*Id.*, PageID.3072-73.) He has overdosed on heroin/fentanyl at least once. (*Id.*, PageID.3073.) In prison, Defendant is separated from his prior lifestyle; he has access to care in a drug free environment.

In considering whether to release Defendant, the court is invited to speculate as to whether Defendant would more readily contract COVID-19 while an inmate at FCI Terre Haute as compared to the community of his intended residence; whether he will, if infected, develop serious symptoms; and whether his general heath and access to quality healthcare, will improve were he to be released. The court is not convinced the extraordinary remedy of compassionate release is warranted. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 366) is DENIED.

                                                s/Robert H. Cleland                 /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: November 10, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2020, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                     /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20668.BELLMORE.MotionforCompassionateRelease.RMK (002).RHC.docx